Suo v. Barr

BIA
Zagzoug, IJ
A206 565 581

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of December, two thousand twenty.

PRESENT:
    PIERRE N. LEVAL,
    ROBERT D. SACK,
    RAYMOND J. LOHIER, JR.,
        *Circuit Judges.*

_____

MING SUO,
        *Petitioner,*

    v.                                          19-1340
                                                NAC
WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:          Gary J. Yerman, New York, NY.

FOR RESPONDENT:          Joseph H. Hunt, Assistant
                         Attorney General; Jonathan A.
                         Robbins, Sherease Pratt, Senior
                         Litigation Counsel, Office of
                         Immigration Litigation, United
                         States Department of Justice,
                         Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ming Suo, a native and citizen of the People's Republic of China, seeks review of an April 8, 2019, decision of the BIA affirming a November 20, 2017, decision of an Immigration Judge ("IJ") denying Suo's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ming Suo*, No. A206 565 581 (B.I.A. Apr. 8, 2019), *aff'g* No. A206 565 581 (Immig. Ct. N.Y. City Nov. 20, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Security*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of

2

the applicant or witness, . . . the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the agency's determination that Suo was not credible as to his claim that police in China had detained and beat him for practicing Falun Gong and that they had looked for him after he left the country.

The agency reasonably relied in part on Suo's demeanor, noting that he was hesitant and evasive when testifying about the circumstances surrounding his arrest and certain details of his detention on cross-examination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005). The demeanor finding is supported by the

3

record.

The demeanor finding and the overall credibility determination are bolstered by record inconsistencies. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006). The agency reasonably relied on Suo's inconsistent statements between his asylum interview and testimony in describing his cell, food, and interrogators in detention. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Diallo v. Gonzales*, 445 F.3d 624, 632 (2d Cir. 2006) (concluding that "asylum . . . interviews do not call for *special* scrutiny, as airport interviews do" and finding reliable for credibility purposes interview records that "contain[] a meaningful, clear, and reliable summary of the statements made by [petitioner]" (internal quotation marks omitted)). Further, Suo's evidence was inconsistent regarding whether police had looked for him after his departure from China given his failure to make such an assertion in his direct testimony when he would "reasonably have been expected to disclose" that information under the circumstances, his mother's omission of this information from her letter, and his changing explanation for his mother's failure to corroborate that assertion. *Hong Fei Gao*, 891

4

F.3d at 79; *see also* 8 U.S.C. § 1158(b)(1)(B)(iii).

Having questioned Suo's credibility, the agency reasonably relied further on his failure to rehabilitate his testimony with reliable corroborating evidence. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). The agency reasonably declined to credit letters from Suo's mother and friend because the letters were unsworn and neither author was available for cross-examination. *See Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence."); *see also In re H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010) (finding that letters from alien's friends and family were insufficient to provide substantial support for alien's claims because they were from interested witnesses not subject to cross-examination), *overruled on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130, 133–38 (2d Cir. 2012). Further, Suo did not submit any objective evidence of his alleged external

5

injuries or his parents' payment of a fine. And, although Suo's cousin testified that he and Suo practice Falun Gong together in the United States, his cousin could not corroborate Suo's experiences in China and could not identify any of the individuals other than Suo in the photographs of Falun Gong events in the record.

Given the demeanor, inconsistency, and corroboration findings, the agency's adverse credibility determination is supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). That determination was dispositive of asylum, withholding of removal, and CAT relief because all three claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

```
                              FOR THE COURT:
                              Catherine O'Hagan Wolfe,
                              Clerk of Court
```

6